Eastern District of Kentucky
**FILED**

FEB 2 7 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

| | | |
|---|---|---|
| **JOHN J. DUBOIS** | :: | Case No. 6-06-cv-92-KKC |
| **Plaintiff,** | :: | Judge |
| vs. | :: | |
| **DELL FINANCIAL SERVICES, LP** c/o CT Corporation System Kentucky Home Life Bldg 239 South 5th St., Suite 1511 Louisville, Ky. 40202 | :: :: :: | |
| **TRANS UNION, LLC.** Reg. Agent: Prentice Hall Corp. System 421 West Main St. Frankfort, Ky. 40601 | :: :: :: | |
| **Defendants** | | |

**Complaint to Enforce Civil Liability Pursuant to the Fair Credit Reporting Act for Willful Violation; Actual & Punitive Damages; Attorney Fees; Jury Demand**

### INTRODUCTION

1. This is an action by a plaintiff consumer alleging that Defendants' incorrect verification and re-reporting of a debt on his consumer credit report which did not belong to him in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this division since the unlawful conduct alleged to have taken place occurred in Owsley County where the plaintiffs resides and the damage to Plaintiff's credit was incurred there.

## PARTIES

3. Defendant, Dell Financial Services, LP [hereinafter "Dell"] is a foreign limited partnership formed in Delaware and principally located in Texas engaged in the sale and financing of computers in this state as well as a furnisher of credit information within the meaning of 15 U.S.C. 1681s-2(b).

4. Defendant Trans Union [hereinafter "TU"] is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(p).

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1681a (©).

## ALLEGATIONS

6. Sometime shortly prior to November 25, 2005 plaintiff observed two accounts on his Trans Union credit report reported by the defendant Dell which indicated that plaintiff had outstanding balances of $1657 and $1931 which were past due and which had been charged-off as "bad debts".

7. The account in question did not belong and never belonged to the plaintiff but to his ex-wife. However, they were currently being inaccurately and in a derogatory manner on plaintiff's own personal consumer report.

8. On or about November 25, 2005 the plaintiff wrote to the defendant TU and disputed the accounts wherein he documented his dispute by providing an affidavit from his ex-wife. Plaintiff also copied the defendant furnisher, Dell, with what he had mailed to defendant TU. A true copy of this dispute letter is attached hereto as Exhibit A. A true copy of the certified mail receipts and a USPS confirmation of delivery are attached as Exhibits B-1 & B-2.

9. On or about January 11, 2006 defendant TU responded to Plaintiff's dispute of the accounts by stating that its "investigation of the dispute you submitted is now complete." It followed by stating that it had "new information" to report. The new information consisted, essentially, of verifying the earlier information by reducing the outstanding balance to "0" on each account but continuing to report the accounts as belonging to the plaintiff, that the plaintiff was past due on each account and that each account had been written off as bad debt. A true copy of this communication is attached hereto as Exhibit C.

## COUNT I: FAIR CREDIT REPORTING ACT
### (Defendant Dell)

10. The above-described conduct of Defendant Dell violated the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2(b), in that Defendant Dell knew from the information in its files that the accounts did not belong to the plaintiff and, therefore, that the negative information in Plaintiff's credit report was incorrect; nevertheless, Defendant Dell willfully refused to report the correct result of its investigation to Defendant Trans Union. In the alternative, defendant Dell failed to conduct an investigation with respect to the disputed information and/or failed to review all relevant information before reporting back to Defendant Trans Union, also in violation of 15 U.S.C. § 1681s-2(b).

11. As a direct and proximate result of this violation, Plaintiff's credit was damaged, he suffered humiliation and embarrassment and he was forced to expend time and money in attempting to eradicate this matter from his credit.

12. In continuing to violate the Act despite written notice, Defendant Dell acted intentionally, willfully, recklessly, and in total disregard for Plaintiff's rights.

## COUNT II: FAIR CREDIT REPORTING ACT
### (Defendant Trans Union)

13. Defendant Trans Union issued, assembled, transferred and published "consumer reports" regarding Plaintiff, as defined in the FCRA.

14. Defendant Trans Union has continually added, stored, maintained and disseminated personal and credit data about Plaintiff which is false, erroneous, and misleading, without employing procedures to ensure the maximum possible accuracy of the information posted to Plaintiff's consumer reports and disseminated.

15. Defendant Trans Union failed to employ reasonable procedures for the reinvestigation in a timely and proper manner concerning the accuracy of the erroneous, negative data upon being notified by Plaintiff that such information was erroneous.

16. The above-described conduct of Defendant Trans Union violated the FCRA, including but not limited to 15 U.S.C. § 1681e(b) and 1681i.

17. As a direct and proximate result of this violation, Plaintiff's credit was damaged, he suffered humiliation and embarrassment and he was forced to expend time and money in attempting to eradicate this matter from his credit.

18. In addition to actual and/or compensatory damages, defendant TU is liable to plaintiff in a sum to be assessed by the trier of fact for willful violation of the FCRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

(a) Award a judgment for actual and/or statutory damages to be determined at trial, including all statutory enhancements of damages;

(b) Award punitive damages in an amount to be determined at trial.

(c) Award Plaintiff his costs and a reasonable attorney fee as permitted by statute and common law;

(d) For a trial by jury on all appropriate issues; and,

(e) Award such other relief as this Court deems appropriate at law or in equity.

Respectfully submitted by:

_____
Steven C. Shane (0041124)
Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

4